**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-50-GKF-FHM |
| ) | |
| PHILIP MORRIS, INC, a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter comes before the Court on the Motion of defendant Philip Morris, Inc. ("Philip Morris") to Strike Certain Witnesses from Plaintiff's Witness List [Document No. 78].

Philip Morris asks this Court to strike six (6) of the twenty-seven (27) fact witnesses plaintiff Ken Alexander ("Alexander") identified in his Final Witness List [Document No. 65]. Five (5) of the fact witnesses (Drs. Boomer, Khattab, Hills, Revelis and Sibley) are physicians identified for the first time after discovery cutoff in plaintiff's Final Witness List. The sixth fact witness, Dr. Jerome Wade, is a physician identified on August 22, 2006 in Alexander's Rule 26 Disclosures [Document No. 27], but not referenced in Alexander's interrogatory answers of November 27, 2006 and supplemental answers of February 8, 2007.

Philip Morris represents that Alexander's medical records obtained during discovery consist of over 5,000 pages and contain the names of some eighty-four (84) physicians. Philip Morris notes that Alexander identified twenty-one (21) treating physicians in his answers to interrogatories designed to identify which of the 84 doctors had information related to the injuries and smoking history at issue in this case. Alexander did not identify any of the 6 doctors discussed in this motion among the 21 identified in his answers to interrogatories.

The Federal Rules of Civil Procedure require a party to provide to opposing counsel "the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims  . . . ." Fed. R. Civ. P. 26(a)(1)(A).  Rule 26(e) requires a party to supplement or correct disclosures made under Rule 26(a) "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  This Court does not concur with Alexander's suggestion that Philip Morris should have been able to discern from over 5,000 pages of medical records which of the 84 medical providers needed to be deposed prior to trial.  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial any witness or information not so disclosed.  Fed. R. Civ. P. 37(c)(1).

The Court concludes the five (5) previously unidentified physicians (Drs. Boomer, Khattab, Hills, Revelis and Sibley) should be stricken from Alexander's Final Witness List.   The Court concludes that Dr. Jerome Wade ought not be stricken from the Final Witness List, provided that Philip Morris be given the opportunity to depose Dr. Wade prior to trial.

**WHEREFORE**, defendant Philip Morris, Inc.'s Motion to Strike Certain Witnesses [Document No. 78] is granted in part and denied in part.

**IT IS SO ORDERED** this 4th day of January 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma