**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEN ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-50-GKF-FHM |
| ) | |
| PHILIP MORRIS USA, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion for Sanctions for Violation of Rule 16.2 [Document No. 121].

Local Civil Rule 16.2 is the local rule pertaining to Settlement Conferences. Subsection (i) thereof pertains to confidentiality of matters relating to and occurring at a Court-ordered settlement conference:

> **Confidentiality.** The settlement judge, all counsel and parties, and any other persons attending the settlement conference shall treat as confidential all written and oral communications made in connection with or during any settlement conference. Neither the settlement conference statements nor communications during the conference with the settlement judge may be used by any party in the trial of the case unless otherwise permitted under Federal Rules of Evidence 408. No communication relating to or occurring at a Court-ordered settlement conference may be used in any aspect of any litigation except proceedings to enforce a settlement agreed to at the conference, unless otherwise permitted under Federal Rules of Evidence 408.

On September 12, 2006, United States Magistrate Judge Paul J. Cleary issued a Settlement Conference Order in which he established deadlines for written settlement offers and responses, and established the date and time for a settlement conference. On August 8, 2007, plaintiff's counsel tendered a written settlement demand within the time required by the Magistrate Judge. On August

9, 2007, defendant's counsel delivered a timely response rejecting the settlement demand. On August 15, 2007, defendant filed an Unopposed Motion to Strike Settlement Conference, stating that it had "no intention of settling this case" and, therefore, "a Settlement Conference would result in a significant waste of the Court's and the parties' time and resources . . ." [Document No. 63]. On August 21, 2007, the Magistrate Judge held a telephonic hearing, granted the motion, and struck the settlement conference.

On January 11, 2008, the court granted defendant's Motion for Summary Judgment and entered Judgment in favor of the defendant, with costs. On January 22, 2008, defendant filed a Bill of Costs and a brief in support. On page 2 of its brief, defendant stated:

> This case proceeded through the discovery phase, and pursuant to local rule, the parties participated in settlement discussions in August 2007. At that time, Defendant indicated that it was not interested in settling this case but was willing to accept a dismissal with prejudice, each side to bear its own costs and indicated that it would seek costs upon final judgment in its favor. Plaintiff rejected such a dismissal. *See* Exhibit C, correspondence regarding settlement.

Exhibit C consists of four (4) settlement letters, the first being the plaintiff's written settlement demand tendered on August 8, 2007.

In the motion before the Court, plaintiff seeks sanctions against defendant for attaching confidential settlement negotiations, in violation of the confidentiality requirements of Local Rule 16.2(i). Plaintiff cites *Davis v. Kansas City Fire & Marine Ins. Co.*, 195 F.R.D. 33 (N.D. Okla. 2000), wherein then-Magistrate Judge, now Chief District Judge, Claire V. Eagan wrote:

2

> A well-functioning settlement program is essential to the efficient administration of justice in the federal court system. This District has dedicated a considerable amount of its resources to developing an effective and efficient settlement program. The confidentiality requirements of the Local Rules and the Settlement Conference Order are absolutely necessary to ensure the effectiveness of the program. Violations of those requirements will not be condoned.

*Id.* at 38. *See also Clark v. Stapleton Corporation*, 957 F.2d 745 (10th Cir. 1992)(guarantee of confidentiality is essential to the proper functioning of a settlement conference program). In *Davis*, plaintiff's counsel appended a copy of an adversary's settlement conference statement to a motion filed in the public record. The Court held that the filing violated the local rule requiring parties to keep settlement conference statements confidential and sanctioned counsel for the conduct.

Defendant responds that Local Rule 16.2(i) does not prohibit the use of plaintiff's settlement letter in conjunction with a bill of costs, because the current rule allows for the use of settlement communications in accordance with Federal Rule of Evidence 408. Rule 408 prohibits the use of a settlement demand "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." However, subsection (b) provides that:

> This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Defendant argues that the letter was attached not to show " the validity or invalidity of the claim or its amount," "but rather that plaintiff was on notice of the fact that defendant intended to seek costs upon judgment in its favor." The advisory committee notes on the 2006 Amendment to Rule 408 recognize that evidence of a settlement may be offered to prove notice. *See, e.g. Spell v. McDaniel,*

3

824 F.2d 1380, 1400 (4th Cir. 1987)(in a civil rights action alleging that an officer used excessive force, a prior settlement by the City of another brutality claim was properly admitted with a limiting instruction to show that the City was aware of the existence of a developed practice or custom of such conduct by police officers). Here, however, defendant offers no legitimate explanation of why it needed to show in its motion for costs that plaintiff had been on notice that defendant would be seeking costs if it prevailed. Plaintiff's counsel was aware that, under Rule 54(d)(1), costs are allowed to the prevailing party. Moreover, the Judgment explicitly provided that defendant was to recover costs from the plaintiff. Perhaps, in an effort to justify and/or increase the Court's award of costs, defendant attempted to show that plaintiff was unreasonable in rejecting defendant's counteroffer. If so, the argument is irrelevant to the award of costs, and does not justify the improper use of the confidential settlement communications.[1]

As set forth above, subsection (b) of Rule 408 provides that the Rule "does not require exclusion **if** the evidence is offered for purposes not prohibited by subdivision (a)", then provides examples of permissible purposes. The Court concludes that the defendant has failed to offer a permissible purpose for its use of the confidential settlement communications in connection with its Bill of Costs. In particular, the confidential settlement communications are entirely irrelevant to this court's decision on costs. Thus, defendant has not satisfied the condition set forth in subsection (b). Even if this Court were to conclude that defendant has somehow satisfied the condition, subsection (b) merely provides that the rule "does not require exclusion" of offers to compromise and statements made in settlement negotiations. In light of the facts and circumstances presented here,

---

[1] In the future, if counsel believes that a confidential settlement communication is necessary to the Court's consideration of an issue, counsel should seek leave to submit the communication to the Court *in camera*, which allows the Court to first determine whether the communication is relevant in advance of any *in camera* disclosure.

4

this Court concludes that defendant's use of the confidential settlement communications is impermissible and must be stricken from the record. Defendant's public disclosure of the four (4) confidential settlement communications was not "otherwise permitted under Federal Rules of Evidence 408" pursuant to Local Rule 16.2(i).

Defendant also argues that the letters at issue are not protected by Rule 16.2(i) because the settlement communications therein were not contained in a settlement conference statement and did not occur at a Court-ordered settlement conference. Rule 16.2(i) is not so narrow. The settlement communications defendant used were communications "relating to" a Court-ordered settlement conference. The parties tendered their written settlement offers and responses in compliance with the Magistrate Judge's Settlement Conference Order [Document No. 32], which required the parties to exchange written settlement offers in advance of the settlement conference as a necessary part of the court's settlement conference program.

For this court's settlement conference program to be successful, participants must trust that settlement communications relating thereto will not be revealed to the judges. *Clark*, 957 F.2d at 746. Counsel for defendant are hereby admonished on the public record for violating the non-disclosure requirement of Local Rule 16.2(i). As has been customary in this district in previous cases involving violation of confidentiality requirements,[2] John H. Tucker, Theresa Noble Hill, and the firm of Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C. are hereby ordered to make a collective contribution to the Tulsa County Bar Association in the amount of $500.00 to be used in connection with a Continuing Legal Education Program. Plaintiff is awarded fees and costs incurred in connection with the filing of his Motion for Sanctions.

---

[2] *See Davis,* 195 F.R.D. at 38; *Tucker v. State Farm*, Case No. 03-CV-822, Document No. 121-3, page 10 (N.D. Okla. 2005).

**WHEREFORE**, plaintiff's Motion for Sanctions for Violation of Rule 16.2 [Document No. 121] is granted, and sanctions are awarded against counsel for the defendant as set forth above. The Court Clerk is hereby directed to strike Document No. 119-5 from the record.

**IT IS SO ORDERED** this 3rd day of July 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma